UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT. OF FREEDOM MARINE HOLDINGS, LLC d/b/a/ FREEDOM MARINE SERVICES, as the owner of the M/V/ FMS COURAGE, in a Cause for Limitation or Exoneration from Liability | CIVIL ACTION<br><br>NO. 20-331<br><br>SECTION D (1) |

### ORDER

Before the Court is Claimant Mavall Jones's Motion to Dissolve the Limitation Injunction.[1] The Motion is opposed by Petitioner-in-Limitation Freedom Marine Holdings, LLC[2] and Claimant Marine Fab & Repair, Inc.[3] Before the Court is also Petitioner-in-Limitation Freedom Marine Holdings, LLC's Motion for Leave to File Counterclaim and Rule 14(c) Tender.[4] The Motion is opposed,[5] and Petitioner-in-Limitation has filed a Reply.[6] After careful review of the parties' memoranda, the record, and the applicable law, the Court denies the Motion to Dissolve the Limitation Injunction and grants the Motion for Leave.

### I. FACTUAL BACKGROUND

This matter is a limitation of liability action. The following alleged facts are drawn from the Verified Complaint.[7] Petitioner-in-Limitation Freedom Marine

---

[1] R. Doc. 38.
[2] R. Doc. 40.
[3] R. Doc. 41.
[4] R. Doc. 25.
[5] R. Doc. 27.
[6] R. Doc. 35.
[7] R. Doc. 5.

Holdings, LLC owned and operated the M/V FMS COURAGE.[8] On June 14, 2019, Claimant Marine Fab & Repair, Inc. ("Marine Fab") "replaced and welded the hardware that secures lids to the tanks of the M/V FMS COURAGE."[9] That day, Claimant Mavall Jones was assigned to the M/V FMS COURAGE as an ordinary seaman.[10] Allegedly the welding done by Marine Fab failed under pressure which caused the deck lid, two bolts, barite, and a piece of strong arm to break away from its intended location.[11] Jones alleges that he was hit with a piece of metal, which caused various injuries.[12] Jones filed a lawsuit on July 31, 2019, against Freedom Marine in the 19th Judicial District Court for the Parish of East Baton Rouge, which was later transferred to the 32nd Judicial District Court for the Parish of Terrebonne.[13]

Freedom Marine then filed this limitation of liability action on January 29, 2020.[14] Freedom Marine seeks to limit its liability to $4,700,000.[15] After Freedom Marine filed an Amended Complaint, the Court issued an order enjoining all suits against Freedom Marine arising out of the incident that occurred on June 14, 2019.[16] The Court set a monition date of August 13, 2020.[17] Only two parties filed claims

---

[8] *Id.* at 2 ¶ II.
[9] *Id.* at 2 ¶ VI.
[10] *Id.* at 2 ¶ VII.
[11] *Id.* at 3 ¶ IX.
[12] *Id.* at 3 ¶ X.
[13] *Id.* at 3-4 ¶¶ XI, XIII.
[14] *See generally* R. Doc. 1.
[15] *Id.* at 5 ¶ XVIII.
[16] *See* R. Doc. 8.
[17] *Id.* at 2.

against Freedom Marine before the monition date: Mavall Jones[18] and Marine Fab.[19] Relevant to the instant motion, Marine Fab's claim is one for indemnity and contribution.[20]

Mavall Jones now moves to dissolve the limitation injunction and proceed with his state-court suit.[21] Jones has made certain stipulations, including that he will not seek to enforce any judgment in excess of $4,700,000 pending the adjudication of the Complaint for Limitation of Liability in this Court and will not seek any judgment or ruling on the issue of Petitioner's right to limitation of liability in any other court.[22] He contends that under Fifth Circuit law, these stipulations require that the Court dissolve the limitation injunction and allow Jones to proceed with his state-court suit. In particular, he contends that this case is "in every practical sense, a 'single claimant' case"[23] because Marine Fab's asserted claims are solely derived from Jones's injuries.

Both Marine Fab and Freedom Marine oppose Jones's Motion to dissolve the limitation injunction.[24] Both parties argue that all claimants, including Marine Fab, must make protective stipulations for the limitation injunction proceeding to be dissolved, and note that Marine Fab has not done so. They also argue that although Marine Fab asserts only a claim for indemnity and contribution, Fifth Circuit law recognizes Marine Fab as a claimant that must offer or join in the protective stipulations in order for the limitation injunction to be dissolved.

---

[18] R. Doc. 12.
[19] R. Doc. 9.
[20] *See id.* at 9-16.
[21] R. Doc. 38.
[22] *See* R. Doc. 37.
[23] R. Doc. 38-1 at 1.
[24] R. Doc. 40 (Freedom Marine); R. Doc 41 (Marine Fab).

Freedom Marine has also filed a Motion for Leave to file a Counterclaim against Marine Fab.[25] Although Marine Fab has no opposition to this Motion, Jones opposes the Motion on the grounds that his Motion for Dissolution of the Limitation action should be granted, and therefore the counterclaim is more properly asserted in the state-court action.[26] Freedom Marine has filed a Reply,[27] in which it reiterates the arguments it makes in its opposition to Jones's Motion to Dissolve the Limitation Injunction, and further argues that the federal rules require it to file its counterclaim with this Court.

## II. ANALYSIS

### A. Motion to Dissolve the Limitation Injunction

Jones seeks to have the limitation injunction in this matter dissolved. The Fifth Circuit has held:

> [F]ederal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[28]

---

[25] R. Doc. 25.
[26] R. Doc. 27.
[27] R. Doc. 35.
[28] *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (emphasis in original).

Only the second instance is at issue here. Claimant Jones has entered into the stipulations required by the Fifth Circuit.[29] But Jones is not the only claimant in this action—Marine Fab has also filed a claim.[30] The Fifth Circuit has emphasized that *all* claimants must enter into the required stipulations before a federal court may allow a state-court action to proceed.[31] It is undisputed that Marine Fab has not made the stipulations required to allow the state-court action to proceed.

Jones argues that Marine Fab's failure to make the protective stipulations is of no moment because Marine Fab's claim is one for indemnity and contribution that is derived solely from Jones's personal injuries. The Fifth Circuit has squarely held that parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act who must agree to the required stipulations before a state court case may proceed.[32]

Indeed, in the recent case of *In re Devall Towing & Boat Service of Hackberry, L.L.C.*,[33] the Fifth Circuit flatly rejected the argument Jones makes here. There, a deckhand was injured while assisting a separate vessel to break its tow. The

---

[29] R. Doc. 37. The sufficiency of Jones's stipulations themselves is not disputed. *See In Re Tetra Applied Tech., L.P.*, 361 F.3d 338 (5th Cir. 2004) (discussing sufficiency of stipulations).
[30] R. Doc. 9.
[31] *See Odeco Oil*, 74 F.3d at 674.
[32] *See Odeco Oil*, 74 F.3d at 674-75 ("[P]arties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act."); *In re Complaint of Port Arthur Towing Co. ex rel. M/V MISS CAROLYN*, 74 F.3d 312, 316 (5th Cir. 1995) ("We recently stated that a 'claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees.").
[33] 827 F. App'x 411 (5th Cir. 2020). The Court notes that while this case is not published and is therefore not binding, it is persuasive authority that supports the Court's decision in this matter. *See, e.g., Gonzalez v. U.S. Bank Nat. Ass'n ex rel GMAC Mortg. L.L.C.*, 584 F. App'x 118, 119-120 (5th Cir. 2013) (citing unpublished cases as "unpublished but persuasive"); *Knight v. Kirby Offshore Marine Pacific, L.L.C.*, 2020 WL 7393534 (5th Cir. Dec. 17, 2020) ("Of course, because Pallis and Ledet are unpublished, they are not precedential; but, their reasoning can be persuasive authority.").

deckhand sued both Devall Towing, his employer, and Deloach Marine, the owner of the vessel where the injury occurred in state court. Deloach Marine filed a complaint in federal district court to limit its liability, and Devall Towing responded with claims of contribution, indemnification, and reimbursement. The deckhand later entered protective stipulations similar to those Jones entered here; Devall Towing did not. The district court granted the same remedy Jones seeks here; *i.e.*, allowing the state court case to proceed and staying the limitation proceeding pending the outcome of the state court litigation. The Fifth Circuit held the district court abused its discretion in allowing the state court action to proceed because Devall Towing did not enter into any protective stipulations, notwithstanding that Devall Towing's claims were for only contribution, indemnification, and reimbursement. Because "all" claimants had not entered into stipulations, the Fifth Circuit held that the limitation injunction should not have been lifted. *In re Devall Towing* is on all fours with this matter and is dispositive here. Because Marine Fab has not entered into any protective stipulations, the Court may not dissolve the limitation injunction.

### B. Motion for Leave to File a Counterclaim and Rule 14(c) Tender

Freedom Marine also moves for Leave to File a Counterclaim and Rule 14(c) Tender.[34] The only reason Jones offers for opposing Freedom Marine's Motion for Leave is that Jones's Motion to Dissolve the Limitation Injunction was "due to be granted" and that Freedom Marine could then assert its counterclaim in state court.[35] Having denied Jones's Motion to Dissolve the Limitation Injunction, there exists no

---

[34] R. Doc. 25.
[35] R. Doc. 27.

reason to deny Freedom Marine's Motion for Leave to File a Counterclaim. Indeed, "the court should freely grant leave when justice so requires."[36] Accordingly, the Court will grant Freedom Marine's Motion for Leave to File a Counterclaim.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that that Claimant Mavall Jones's Motion to Dissolve the Limitation Injunction is **DENIED**. **IT IS FURTHER ORDERED** that Freedom Marine' Motion for Leave to File Counterclaim and Rule 14(c) Tender is **GRANTED**. The Clerk's Office is directed to file the Counterclaim[37] into the record.

New Orleans, Louisiana, January 29, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[36] Fed. R. Civ. P. 15(a)(2).
[37] R. Doc. 25-4.